FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 AUG 20 PM 2:32

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| EDDIE J. BOATWRIGHT, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.<br>)<br>) 02-AR-2811-S |
| JOHN ASHCROFT, ATTORNEY<br>GENERAL, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

ENTERED
AUG 20 2003

### MEMORANDUM OPINION

Before the court is the motion of defendants, John Ashcroft, Attorney General ("Ashcroft"), and the Department of Justice ("DOJ") for partial summary judgment. Plaintiff, Eddie J. Boatwright ("Boatwright"), contends that Ashcroft and DOJ violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.[1] Ashcroft and DOJ not only deny the allegations of employment discrimination on their merits, but contend that Boatwright failed to exhaust his administrative remedies and/or that he did not timely complain about three of the four incidents upon which he bases this action. They ask the court to summarily dismiss three of Boatwright's claims pursuant to Rule 56.

---

[1] Additionally, Boatwright, appearing *pro se*, alleges that the defendants violated "29 C.F.R. 1614.01 (a) & (b)." No such regulation exists.

1



## Statement of Undisputed Facts

Boatwright, a black male, retired from the Bureau of Prisons ("BOP"), an agency within the DOJ, on August 3, 2002 following 20 years of service. He received several grade-level increases during his tenure, but complains of four disciplinary actions which he alleges "were unwarranted, excessive and unprecedented": (1)a one-day suspension in July 1997; (2) a demotion/reassignment in July 1994; (3) a 30-day suspension in October 1995; and (4) a proposed 14-day suspension in December 1997. He contends that he was not guilty of any of the offenses for which he was disciplined and furthermore that the punishments meted out were "far more stringent" than for similarly situated non-minority employees.

On May 13, 1997, Boatwright missed a mandatory Correctional Officers' retreat. In July 1997 he received a one-day suspension for this infraction. A white Corrections Officer only lost one vacation day for the same infraction. Boatwright contacted an EEO counselor concerning this event in August 1997. On July 21, 1998, he filed a formal complaint and, in his answer to question 5 on the complaint form, specified that the last act of alleged discrimination occurred on May 13, 1997. In addition to challenging the one-day suspension, Boatwright's "formal complaint" questioned the other three punishments above referred to. DOJ solely investigated the one-day suspension. In its

2

"final decision," DOJ denied Boatwright's requested relief. The EEOC affirmed DOJ's decision on August 19, 2002, after which he filed this action.

In July 1994, Boatwright was demoted from Medical Technician to Corrections Officer and was suspended for 10 days because he failed to comply with OSHA standards while drawing blood. He appealed to the Merit Systems Protection Board ("MSPB"). On January 10, 1995, the MSPB, in decision AT-0752-94-0984-I-1, affirmed the demotion, but reversed the suspension. That decision became final on February 14, 1995. No further appeal was taken. In other words, the EEO complaint filed on July 21, 1998, and mentioning this incident in passing would properly have been thought of as window dressing.

Boatwright failed to show for his shift on October 5, 1995, whereupon he received the 30-day suspension which is his third complaint. On appeal to the MSPB, Boatwright swore in an affidavit that a hurricane had made his route to work impassible and disabled his telephone. He recanted before the administrative law judge. The suspension was affirmed in decision AT-0752-96-0300-I-1, and became final on May 28, 1996. No further appeal was taken. Again, this was not a proper subject for the EEO complaint filed on July 21, 1998.

On November 30, 1997, Boatwright crashed a perimeter patrol vehicle into a ditch. Initially, he was issued a 14-day

suspension. On January 14, 1998, the warden lowered the suspension to 7 days. Boatwright acknowledged receiving the suspension reduction notice that day, but did not contact an EEO counselor concerning the event until after the 45-day deadline. When Boatwright filed his formal complaint of discrimination on July 21, 1998, he mentioned the vehicle crash on pages 31-32. However, he specified on page 4 that "[t]he instant offense [singular] that caused me to file this complaint occured [sic] on **May 13, 1997.**" (emphasis in original). Obviously, the crash did not occur on May 13, 1997, meaning that the crash suspension reference was window dressing.

## Analysis

Absent waiver, sovereign immunity is a jurisdictional bar to suits against the federal government and its agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The plaintiff bears the burden of expressly invoking an act of Congress that authorizes the court to entertain his suit. *Malone v. Bowdoin*, 369 U.S. 643, 648 (1962). Boatwright relies upon 42 U.S.C. § 2000e-16 to establish a statutory waiver. Such a waiver, in a case brought under Title VII, is conditioned upon the exhaustion of administrative remedies:

> Within thirty days of receipt of notice of final action taken by ... the Equal Employment Opportunity Commission ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint, ... may file a civil action as provided in 2000e-5 of this title ....

42 U.S.C. § 2000e-16(c). Failure to follow these administrative procedures and to adhere to the stated deadlines constitutes grounds for dismissal of the action for failure to state a claim. *Irwin v. Dep't of Veterans Admin.*, 498 U.S. 89, 93-94 (1990); *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999).

In addition to the requirements set forth in 42 U.S.C. § 2000e-16(c), federal employees must consult an EEO counselor within 45 days of the effective date of any allegedly discriminatory personnel action. 29 C.F.R. § 1614.105(a)(1). Certain exceptions apply to this deadline; for example, the 45-day period may be extended if "the individual shows that ... he or she did not know and reasonably should not have ... known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2). The exceptions, however, do not apply in this case because Boatwright admittedly received notice of each disciplinary action. He simply failed to meet the deadlines regarding all but one of his complaints -- the one-day suspension he received in July 1997.[2] He waited more than four years before he asserted that his 1994 demotion/reassignment was due to racial discrimination. It was more than three years after the 30-day suspension was handed down that he claimed it was racially

---

[2] The DOJ Final Decision in *Boatwright v. Fed. Bureau of Prisons*, DOJ No. 187-3-1057 (April 24, 2001), conceded that this filing was timely. Boatwright had initially spoken to an EEO counselor in June 1997, but the EEO counselor failed to issue Boatwright a Notice of Right to File and Discrimination Complaint Form until July 6, 1998.

5

motivated. Finally, he waited approximately seven months before claiming that the proposed 14-day suspension was discriminatory.

There is another exception to the requirement that a plaintiff strictly comply with the deadlines for actions against employers, namely, the doctrine of equitable tolling. *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir.1979).[3] The deadlines may be equitably tolled when: (1) a state court action is pending; (2) the defendant has concealed an act supporting the Title VII cause of action; or (3) the defendant has mislead the employee regarding deadlines. *Id*. at 1302-03. Although *Chappell* dealt only with the equitable tolling of claims against private employers, the Eleventh Circuit seems to have extended *Chappell* to cases brought against the federal government. *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986)(suggesting *Chappell* applies to deadlines for federal employees); *Baker v. Peters*, 145 F.Supp.2d 1251, 1255 (M.D. Ala. 2000)(accord). This court will proceed on the assumption that equitable tolling has a theoretical possibility of being applied in this case.

The Supreme Court has "allowed equitable tolling where the claimant has actively pursued his judicial remedies by filing a

---

[3] Pre-September 30, 1981 decisions of the former Fifth Circuit constitute binding precedent within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981)(en banc). Boatwright's response urges that equity demands the tolling of his deadlines in this action. *Plaintiff's Response*, p.2 (referring the court to *Purrington v. Univ. of Utah*, 996 F.2d 1025 (10th Cir. 1993), *abrogation recognized by Boyler v. Cordant Tech., Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003)).

defective pleading during the statutory period, or where the complainant has been induced or tricked into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. The record before this court, however, contains no evidence to suggest active pursuit of three of Boatwright's claims. To the contrary, Boatwright availed himself of the MSPB appeal process on more than one occasion. He timely appealed both his 1994 demotion/reassignment and the 1995 30-day suspension to the MSPB, but he never alleged racial discrimination in either case. In fact, he admits in his response to this motion that the "discriminatory act did not occur at the time I was demoted and reassigned." *Plaintiff's Response*, p.2. He never sought judicial review of the MSPB's final decisions.

If Boatwright had originally alleged racial discrimination, the cases may have qualified as "mixed cases." *See Kelliner v. Venernan*, 313 F.3d 1270, 1274 (11th Cir. 2002). In "mixed" cases, the employee can either file an EEO complaint with the agency or an appeal with the MSPB. 5 C.F.R. § 1201.154(a). In an appeal to the MSPB, the MSPB must decide both the discrimination issue and the appeal within 120 days. 5 U.S.C. § 7702(a)(1). Thereafter, the employee can challenge the MSPB's decision in the federal district court. 5 U.S.C. § 7702(a)(3). The district court reviews the discrimination claims *de novo*. 5 U.S.C. § 7703(c); *see also Kelliher*, 313 F.3d at 1274. Again,

7

Boatwright never appealed the MSPB's final decision in either case in which there was an MSPB decision. Nor did he assert before the MSPB that the disciplinary actions were racially motivated. In other words, Boatwright simply "failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96.

Boatwright failed to allege racial discrimination when he did appeal and took no further appeal from the MSPB's decisions in cases AT-0752-94-0984-I-1 and AT-0752-96-0300-I-1 -- his July 1994 demotion/reassignment and his October 1995 30-day suspension, respectively. Additionally, he failed to consult an EEO counselor within 45 days of his proposed 14-day suspension as required by 29 C.F.R. § 1614.105(a)(1).

Three of his claims are due to be dismissed.

### Conclusion

By separate order, the court will grant defendants' motion for partial summary judgment.

DONE this 20th day of August, 2003.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE