IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDDIE J. BOATWRIGHT,                )
                                    )
    Plaintiff,                      )   CIVIL ACTION NO.
                                    )   02-AR-2811-S
v.                                  )
                                    )
JOHN ASHCROFT, ATTORNEY             )
GENERAL, et al.,                    )
                                    )
    Defendants.                     )
                                    )

## MEMORANDUM OPINION

Before the court is the motion for summary judgment filed on February 18, 2004 by defendants, John Ashcroft, Attorney General, and the Department of Justice (collectively "DOJ"). On August 20, 2003, this court ordered partial summary judgment for DOJ. Following that order, the only remaining claim of plaintiff, Eddie J. Boatwright ("Boatwright"), was that race discrimination motivated a one-day suspension that he received after he missed a mandatory retreat on May 13, 1997. DOJ now moves for judgment on this final claim.[1]

On March 12, 2004, the court heard argument on DOJ's motion. Boatwright, appearing *pro se*, opposed entry of summary judgment, asserting that several documents on the counsel table before him

---

[1] For reasons which escape this court, DOJ also re-argued the claims dismissed on August 20, 2003. If DOJ desired to have the court reconsider its decision granting DOJ's motion for partial summary judgment, it should have filed a motion and explained the need for such reconsideration.

contradicted the evidence presented by DOJ. Although the court expressly admonished Boatwright that his alleged evidence had to be filed in order to be considered, he has filed nothing in opposition to DOJ's motion. Consequently, the court must operate using the undisputed facts established by the evidence submitted properly by DOJ.

### Statement of Undisputed Facts

Boatwright, a black male, retired from the Bureau of Prisons ("BOP"), an agency within DOJ, on August 3, 2002 following 20 years of service. He received several grade-level increases during his tenure, but complains that a one-day suspension in July 1997 was "unwarranted, excessive and unprecedented." He further contends that a similarly situated employee outside his protected class received no suspension for the same violation.

On May 13, 1997, Boatwright and Eric Campbell, a white male, missed a mandatory morning retreat. A letter notifying employees of the retreat had been placed in each employees' work mailbox. The letter stated that there would be a "Correctional Services Day" and barbecue. When Boatwright and Campbell arrived for their regularly scheduled evening shift, they were told to go home because they had missed the mandatory retreat.

The following day, Boatwright wrote to his supervisor, Captain Ronald Fulcher, that he had forgotten the retreat. Unlike Boatwright, Campbell was a probationary employee who had worked

only a few months. The May 13, 1997 retreat was the first to occur since Campbell had been hired. Campbell, who was new on the job, did not understand that attendance at a "Correctional Services Day" was mandatory. BOP policy allows only one form of disciplinary action for probationary employees such as Campbell, immediate termination.

Captain Fulcher gave Boatwright a one-day suspension for missing the retreat. Captain Fulcher reasoned that Boatwright knew of the retreat, but simply forgot to attend. Campbell was not disciplined. Captain Fulcher believed that Campbell had not been sufficiently warned that the meeting was mandatory.

Boatwright contacted an EEO counselor concerning this event in August 1997. On July 21, 1998, he filed a formal complaint. In its "final decision," DOJ denied Boatwright's requested relief. The EEOC affirmed DOJ's decision on August 19, 2002, after which he timely filed this action.

## Analysis

Title VII makes it unlawful for an employer "to discriminate against any individual ..., *because of* such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)(emphasis added). Whether an employment decision is made "because of" race in "mixed-motive" cases, *i.e.*, where both legitimate and illegitimate reasons may have motivated the decision, requires application of the burden-shifting analysis in

*McDonnell Douglas Corp*. *v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). First, plaintiff must raise an inference of discrimination by establishing a *prima facie* case. *Batey v. Stone*, 24 F.3d 1330, 1333 (11th Cir. 1994). Once a *prima facie* case is established, the burden shifts, and defendant must proffer a legitimate, nondiscriminatory reason for the adverse employment action. *Meeks v. Computer Assoc. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994). Plaintiff can survive summary judgment by then proffering evidence "to permit a reasonable fact finder to conclude that the employer's proffered non-discriminatory reasons were not what actually motivated its conduct." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1024-25 (11th Cir.2000) (en banc); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000).

   DOJ first claims that Boatwright has failed to establish a *prima facie* case because Boatwright and Campbell are not similarly situated. To be similarly situated, the non-protected employee must be similar to Boatwright in all relevant aspects, "without such differentiating or mitigating circumstances that would distinguish" their situations. *Holifield v. Reno*, 115 F.3d 1555, 1562-63 (11th Cir. 1997). "The most important factors in the disciplinary context ... Are the nature of the offenses

committed and the nature of the punishments imposed." *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001). Boatwright and Campbell were arguably guilty of the same infraction, missing a mandatory retreat. However, Boatwright had worked for BOP approximately 15 years and knew that the retreat was mandatory, while Campbell, a relatively recent hire, did not. Additionally, Campbell was a probationary employee. Boatwright has failed to establish a *prima facie* case.

Even if Boatwright did establish a *prima facie* case, he has failed to rebut the legitimate, nondiscriminatory rationale DOJ proffers. Federal courts do not sit as "super-personnel department[s]" to adjudge whether an employer's decision is prudent or fair. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000). An employer can discipline an employee for any reason or no reason, provided it does not discipline him for a discriminatory or retaliatory reason. *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984). Captain Fulcher decided not to discipline Campbell because the only form of discipline available for probationary employees was termination. Captain Fulcher believed Campbell had not been properly notified that the retreat was mandatory and, therefore, that the draconian discipline of termination was not warranted. On the other hand, Captain Fulcher concluded that a one-day suspension was appropriate for a 15-year employee who knew of the

mandatory retreat, but simply forgot to attend. DOJ has clearly proffered a legitimate, nondiscriminatory rationale. Boatwright has not rebutted that reason or even made an attempt to prove it a pretext for discriminatory motive for administering a one-day suspension.

### Conclusion

By separate order, the court will grant defendants' motion for summary judgment.

DONE this 24th day of March, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE